#### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF GRAFTON, NOVEMBER TERM,

### A. D. 1831.

## WOODBRIDGE, et a. *versus* A. W. MORSE, and J. DOLE, his trustee.

A sheriff may be charged as the trustee of one for whom he has collected money upon an execution, although the money has never been demanded of him.

THE trustee in this case, stated in his disclosure, that having in his hands, as a deputy sheriff, an execution against W. T. H. in favor of the said A. W. Morse, for $34,09, he, on the 28th September, 1830, received as a deputy sheriff, the contents of the said execution, and discharged the same ; and that immediately afterwards, the writ in this case was served upon him.

*Bell* and *Olcott*, for the plaintiffs.

*W. Smith*, for the trustee.

*By the court.* We are of opinion, that the trustee in this case must be charged. It is true that no action can be maintained against a sheriff for money by him collected, as such, until upon demand made he has refused to pay it to the creditor. 3 B. & A. 696, *Jefferies* v. *Sheppard.*

Woodbridge
et a.
*v.*
Morse, et a.

And it does not appear, that the money in this case has ever been demanded by the principal. But it seems to us, that under our statute, the trustee is to be charged, whenever it appears that he has money in his hands, which the principal has a right to receive upon demand, whether a demand has been made or not.

An attorney is not liable to an action for money by him collected for his client, until a demand has been made. 5 Cowen, 376, *Taylor* v. *Bates* ; 6 ditto, 596, *ex parte, Ferguson* ; 6 Johns. Ch. Rep. 358 ; 10 Johns. Rep. 285.

And yet it is supposed, that no doubt has ever been entertained, that an attorney, who has collected money for his client, may be charged as a trustee, although no demand of the money may have been made by the client. 12 Mass. Rep. 441, *Thayer* v. *Sherman* ; 4 Greenl. 532, *Staples* v. *Staples.*

*Trustee adjudged chargeable.*